UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER PRATER,

        Plaintiff,

Case No. 1:25-cv-00432

v

JUNIOR A. WILSON and
JAAL TRANSPORT, INC.,

        Defendants.
_____/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Chester Prater, by and through his attorneys, KONING & JILEK, P.C., and for his Complaint against the Defendants, states as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is a Michigan third party automobile negligence and ownership liability claim arising out of a May 25, 2022 motor vehicle collision.

2. This Court has subject jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. §1332 (diversity).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

4. The amount in controversy and the damages do exceed $75,000, exclusive of fees and costs.

**THE PARTIES**

5. Plaintiff is a United States citizen and domiciled in the State of Michigan; his residence is currently located in the City of Bronson, County of Branch, State of Michigan.

6. By information and belief, Defendant Junior A. Wilson is a Canadian citizen and domiciled in Canada; by information and belief, his residence is located in the City of Mississauga, in the Regional Municipality of Peel, in the province of Ontario, Canada.

7. By information and belief, Defendant Jaal Transport, Inc. is a foreign profit corporation, originating in Canada, with a physical business address and business mailing address of 1547 Mississauga Valley Boulevard, Unit 715, Mississauga, Ontario  L5A 3XB, and, at all relevant times, was conducting business in the Township of Marshall, Calhoun County, Michigan, and may have been the owner of the truck operated by Defendant Wilson on the date of the collision and may have been the employer of Defendant Wilson on the date of the collision.

## COUNT I - NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT JUNIOR A. WILSON

8. Plaintiff incorporates by reference and realleges each paragraph, 1 through 7, as though fully set forth herein.

9. On or about May 25, 2022, at or about 2:00 p.m., Plaintiff was operating a 2003 Freightliner Conventional, Registration No. RA36697, westbound on I-94 in Marshall Township, Calhoun County, Michigan, and was stopped in a traffic back up.

10. At the same time and place, Defendant Junior A. Wilson was operating a 1997 Kenworth, Registration No. PA15898, which was owned by Defendant Jaal Transport, Inc., westbound on I-94, when he rear-ended Plaintiff as he was stopped for traffic, causing a collision.

11. At the same time and place, by information and belief, Defendant Wilson was driving the 1997 Kenworth, Registration No. PA15898, within the course of his employment with Defendant Jaal Transport, Inc.

12. At the same time and place, Defendant Wilson owed the Plaintiff and the public the duty to obey and drive in conformity with the duties embodied in the common law and the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Marshall Township, Calhoun County, Michigan.

13. Defendant Wilson did then and there display ordinary, gross, willful and wanton negligence and misconduct by failing to stop in an assured clear distance, causing the collision.

14. At the same time and place, Defendant Wilson was guilty of ordinary, gross, willful and wanton negligence and misconduct as follows:

    a. in failing to keep a reasonable lookout for other persons and vehicles using the highway;

    b. in failing to drive with due care and caution;

    c. in failing to take all possible precautions to avoid any collision with other motor vehicles;

    d. in failing to make or renew observations of the conditions of traffic;

    e. in failing to stop in assured clear distance;

    f. in failing to operate the vehicle safely under the conditions then and there existing; and

    g. in failing to follow the laws and rules of the road.

15. Defendant Wilson was further negligent and grossly negligent in failing to obey and drive in conformity with the common law and Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Marshall Township, Calhoun County, Michigan.

16. Among those statutes Defendant Wilson violated include, but are not limited to, the basic speed law and the following: M.C.L. §257.626 (reckless driving); M.C.L. §257.626(b) (careless or negligent driving); and M.C.L. 257.627 (violation of basic speed law and assured clear distance) among others.

17. As a proximate cause of Defendant Wilson's negligence, Plaintiff was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows, but not necessarily limited to: lateral tear - left shoulder; numbness in muscle surrounding shoulder; fractured L-1; bulging discs at L4 and L5; and other injuries to other parts of his body, externally and internally, and some or all of which interfere with his enjoyment of life and caused Plaintiff great pain and suffering.

18. As a proximate result of his injuries, Plaintiff suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with his enjoyment of life, and more generally became sick and disabled, and some or all of her injuries, may be permanent in nature.

19. Should it be determined at the time of trial that Plaintiff was suffering from any pre-existing conditions, at the time of the crash, the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

20. Plaintiff claims all non-economic damages including those for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed above.

21. Plaintiff claims all allowable economic damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

## COUNT II – RESPONDEAT SUPERIOR CLAIMS AGAINST DEFENDANT JAAL TRANSPORT, INC.

22. Plaintiff incorporates by reference and realleges each paragraph, 1 through 21, as though fully set forth herein.

23. Defendant Jaal Transport, Inc. is responsible for the actions/inactions/negligence of Defendant Wilson under the theory of respondeat superior.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

## COUNT III – STATUTORY OWNERSHIP LIABILITY AGAINST DEFENDANT JAAL TRANSPORT, INC.

24. Plaintiff incorporates by reference and realleges each paragraph, 1 through 23, as though fully set forth herein.

25. At all relevant times, Defendant Jaal Transport, Inc. allowed the truck it owned to be driven, operated, and controlled by Defendant Wilson.

26. Defendant Jaal Transport, Inc. is liable for Defendant Wilson's negligent entrustment and, additionally, has civil liability to Plaintiff under MCL 257.401 for the negligent operation of the vehicle it owned which was negligently operated by Defendant Wilson.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

### COUNT IV – NEGLIGENCE, GROSS NEGLIGENCE, NEGLIGENT HIRING, TRAINING, ENTRUSTMENT AND RETENTION AGAINST DEFENDANT JAAL TRANSPORT, INC.

27. Plaintiff incorporates by reference and realleges each paragraph, 1 through 26, as though fully set forth herein.

28. At all relevant times, Defendant Jaal Transport, Inc. knowingly allowed its employee, Defendant Wilson, to drive a truck when it knew or should have known he was a dangerous driver and would not be able to control the truck in a safe manner in accordance with the laws of the State of Michigan and other laws in direct disregard for the safety of Plaintiff and the public.

29. In addition, Defendant Jaal Transport, Inc. was negligent and/or grossly negligent in its hiring, training, entrustment and retention of Defendant Wilson.

30. At all relevant times herein, including on or about May 25, 2022, Defendant Jaal Transport, Inc., by and through its employees, agents, and/or servants, had a duty to exercise reasonable care in the hiring, training, entrustment, and retention of Defendant Wilson and failed to do so.

31. In violation of the aforesaid duties, Defendant Jaal Transport, Inc., by and through its employees, agents, and/or servants, committed one or more of the following negligent and/or grossly negligent acts and/or omissions:

    a. failing to maintain a proper lookout ahead and behind for other vehicles then upon the highway;

  b.  failing to keep the truck under proper control;

  c.  failing to operate the truck at a speed that is reasonable and proper having due regard to the traffic conditions and the use of the highway;

  d.  failing to decrease the speed of the truck as necessary to avoid colliding with the vehicles then upon the highway;

  e.  failing to stop the truck in time to avoid the collision, although it saw or should have seen that it was impending and had ample time and opportunity to avoid it;

  f.  otherwise driving in a careless and negligent manner;

  g.  negligently hiring and retaining Defendant Wilson; and

  h.  failing to properly train Defendant Wilson with regard to operation of the truck it owned.

32. As a direct and proximate result of the acts and/or omissions constituting negligence, or gross negligence, by Defendant Wilson, the employee of Defendant Jaal Transport, Inc., and as a direct and proximate result of Defendant Jaal Transport, Inc.'s own negligence or gross negligence, Plaintiff was injured and suffered the injuries outlined in this Complaint.

33. As a direct and proximate result of one or more of the aforesaid negligent or grossly negligent acts and/or omissions by Defendant Jaal Transport, Inc., the truck being driven by Defendant Wilson collided with another vehicle, thereby causing Plaintiff severe injuries.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KONING & JILEK, P.C. |
| Dated: April 17, 2025 | /s/ Jonathan N. Jilek<br>Jonathan N. Jilek (P65299)<br>Attorney for Plaintiff<br>Koning & Jilek, P.C.<br>8080 Moorsbridge Road, Suite 103<br>Portage, MI 49024<br>(269) 343-1500<br>jjilek@koningjilek.com |

## JURY DEMAND

Plaintiff, Chester Prater, through his counsel, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KONING & JILEK, P.C. |
| Dated: April 17, 2025 | /s/ Jonathan N. Jilek<br>Jonathan N. Jilek (P65299)<br>Attorney for Plaintiff<br>Koning & Jilek, P.C.<br>8080 Moorsbridge Road, Suite 103<br>Portage, MI 49024<br>(269) 343-1500<br>jjilek@koningjilek.com |